## STANDARD ADVERTISING CO. v. GUTMAN et al.

(Supreme Court, Appellate Term. December 26, 1900.)

SALES—GOODS TO BE MANUFACTURED—REFUSAL TO ACCEPT.

An order for a book provided for the attachment of a calendar on the outside cover, but did not specify how it was to be placed. *Held*, that the fact that the calendar was placed upside down was no ground for refusal to accept the book, there being nothing to show that plaintiff's contention that that was the proper way to place it, considering the nature and use of the book, was not correct.

Appeal from municipal court, borough of Manhattan, First district.
Action by the Standard Advertising Company against Carl Gutman and another. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Benjamin & Loeser, for appellant.
Horwitz & Samuels, for respondents.

PER CURIAM. We think that the evidence in this case supports but one conclusion, namely, that the books which were delivered to the defendants conform in all essential respects to the sample, and that the latter had no right to reject them. Both the sample and one of the books which were supplied by the plaintiff are before us as exhibits annexed to the return, and a comparison of the two, taking into account the necessary changes for which the order given by the defendant for the books in question provided, shows a substantial compliance with the requirements of such order. The defendants,

67 N.Y.S.—54

upon the trial, laid great stress upon the claim that the leather cover-
ing of the books delivered was of an inferior quality to that exhibited
by the sample, and produced two alleged experts to testify upon this
subject; neither of whom, however, bore out this claim. Indeed, one
of them testified that the leather was in both cases of the same
quality. The claim on the part of the defendants that the calendar,
which was to be attached to the outside of the back cover of the
books, was upside down, is answered by the plaintiff's statement that
that was the proper way to place it, considering the nature and use
of the books; and there is nothing to show that this contention is
not correct. That matter cannot be determined by reference to the
sample, because the sample book had no calendar whatsoever. That
feature of the book was provided for in the written order, but how it
was to be placed was in no way a matter of specification. The other
objections were but feebly mentioned, and, in our opinion, were in-
sufficient. For the reasons above stated, we think that the judgment
dismissing the complaint was erroneous, and that a new trial should
be had.

Judgment reversed, and a new trial ordered, with costs to the ap-
pellant to abide the event.